William G. Easton, J.
On January 17, 1957, and for some time prior thereto the State of New York maintained an Unemployment Bureau office at premises known as 147-11 Jamaica Avenue, Queens, New York City. The offices consisted of the entire second floor of the premises with two stairways leading from the ground floor.
On the day of the accident, claimant, ascended one of the stairways leading to the offices, and made application for unemployment benefits. As she was leaving the premises and while she was descending the stairway she slipped on a slushy, wet and slippery surface of the second section of the stairway, fell down to the bottom of the stairs, and sustained the injuries hereinafter described.
The stairway in question was under the exclusive possession and control of and was maintained by the State of New York. There was a nondelegable duty on the part of the State to maintain the stairs in a reasonably safe condition. The slippery and dangerous condition on the stairway had existed for some time *606 prior to the accident and the defendant is chargeable with notice of its existence. The failure to warn of its existence or to correct the same constitutes negligence. (Madalina v. Wegman’s Food Markets, 41 N. Y. S. 2d 631, affd. 272 App. Div. 957.) The State’s negligence was the sole proximate cause of this accident and the injuries sustained by claimant.
Claimant sustained head, neck and back injuries. She required no hospitalization, and necessarily incurred medical expenses in the reasonable sum of $190. Claimant was a part-time employee and lost some earnings, the amount of which is quite indefinite. This court was not favorably impressed with claimant’s medical testimony relative to permanency.
Upon the record before us, we award claimant the sum of $1,500 for damages sustained by her.